**MAYER·BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Mark G. Hanchet**
Direct Tel +1 212 506 2695
Direct Fax +1 212 849 5695
mhanchet@mayerbrown.com

August 22, 2018

**VIA ECF**

The Honorable Gregory H. Woods
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Royal Park Investments SA/NV v. The Bank of New York Mellon*, No. 14-cv-6502 (GHW)

Dear Judge Woods:

On behalf of defendant The Bank of New York Mellon ("BNYM"), we write to submit additional supplemental authority in further support of BNYM's opposition to Royal Park's renewed motion for class certification (Dkt. No. 158).

In *Royal Park Investments SA/NV v. U.S. Bank National Association, as Trustee*, No. 14-cv-2590 pending in this Court (the "*U.S. Bank* Action"), Judge Marrero recently issued a Decision and Order (the "Order") providing the findings, reasoning, and conclusions underlying his July 10, 2018 order denying Royal Park's motion for class certification.  The August 14, 2018 Order is attached hereto as Exhibit A.  Judge Marrero noted that his Order is in "keeping with the decisions of other courts in this district denying certification of substantially similar class actions."  Ex. A at 2.[1]

In the *U.S. Bank* Action, Royal Park sought to certify a class of all individuals who held certificates and were damaged as a result of U.S. Bank's conduct as alleged in the complaint. Judge Marrero ruled that "individualized issues regarding Article III standing and statutes of limitations predominate over common questions" and "a class action is not a superior method for adjudicating the case compared to other methods, especially given the sophisticated investor class."  Ex. A at 17.

---

[1]   The Order joins the chorus of six other recent opinions in this District finding that putative classes of RMBS investors asserting claims against securitization trustees for alleged failures to act cannot be certified.  *See Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-9764, Dkt. No. 473 (S.D.N.Y. Apr. 17, 2018); *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-4394, Dkt. No. 607 (S.D.N.Y. Apr. 11, 2018); *Royal Park Investments SA/NV, et al. v. HSBC Bank USA, N.A.*, Nos. 14-cv-8175, 14-cv-09366, 2018 WL 679495 (S.D.N.Y. Feb. 1, 2018); *Blackrock Allocation Target Shares Series S Portfolio et al. v. US Bank Nat'l Ass'n*, No. 14-cv-9401, Dkt. No. 252 (S.D.N.Y. Jan. 31, 2018); *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-9764, 2018 WL 739580 (S.D.N.Y. Jan. 10, 2018); *Royal Park v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 1331288 (S.D.N.Y. Apr. 4, 2017).

The Honorable Gregory H. Woods
August 22, 2018
Page 2

*First*, Judge Marrero explained that "identifying all of the current and past owners would be problematic" because (i) the certificates lack unique identifiers that could tie them to beneficial owners and (ii) beneficial ownership is indirect and dual-layered. Ex. A at 18. Indeed, the certificates at issue in the *U.S. Bank* Action—which are substantially the same as the certificates at issue here—have no uniform law controlling the assignment of litigation rights when the certificates are transferred. *Id*. at 20. Therefore, standing for putative class members (defined in part as former holders) depends on the nature and terms of any assignment, which would require the Court to "engage in a fact-intensive choice of law analysis to determine which law applied to every assignment when tracing the beneficial ownership." *Id*. at 21. Then, "the Court would have to apply the resulting test to determine if litigation claims were assigned with the certificates." *Id*. Ultimately, Judge Marrero concluded that, in order to resolve the standing issue, the Court would be required to examine every putative class member's documents to determine who has a valid claim and who does not. *Id*.

*Second*, Judge Marrero found that the statute of limitations analysis for putative class members' claims would require a similarly individualized approach. Ex. A at 22. Specifically, for each class member, the Court would first have to apply the choice-of-law rules of New York. *Id*. Then, pursuant to New York's borrowing statute, it would have to apply the statute of limitations of the "foreign jurisdiction where a nonresident's cause of action accrued, if that limitations period is shorter than New York's." *Id*. At a minimum, this would require "identifying numerous beneficial owners and assignors" and then, for each class member, determining "his or her residence, where and when the claims accrued, and the applicable statute of limitations in each of the relevant jurisdictions." *Id*. at 23. The Court concluded that these individual issues predominated, particularly because many of the relevant jurisdictions have statutes of limitations that would likely preclude recovery. *Id*.

*Finally*, Judge Marrero held that a class action would not be superior to individual actions or alternative methods of dispute resolution. Ex. A at 25. For instance, because "the sums of money here are vast, and the class contains sophisticated investors who are both incentivized and capable of bringing individual suits, and indeed have done so," a class action was not superior to other methods. *Id*. at 26.

Each of the fatal flaws that doomed plaintiffs' class certification application in the *U.S. Bank* Action is present in Royal Park's renewed motion here.

Respectfully submitted,

*/s/ Mark G. Hanchet*
Mark G. Hanchet

cc:     All Counsel of Record (via ECF)
Enclosure