USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/20

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ROYAL PARK INVESTMENTS SA/NV                                       :
Individually and on Behalf of All Others Similarly Situated,       :
                                                                   :
                                         Plaintiff,                :
                                                                   :
                       -v -                                        :
                                                                   :
THE BANK OF NEW YORK MELLON                                        :
as Trustee,                                                        :
                                                                   :
                                         Defendant.                :
                                                                   :
------------------------------------------------------------------ X
```

1:14-cv-06502-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

On March 2, 2020, the parties filed a joint motion to dismiss this action pursuant to Fed. R. Civ. P. 23.1(c). Dkt. No. 202. Because the parties have not given the Court sufficient information—indeed any information—to permit it to evaluate whether to approve the proposed dismissal and the proposed form and means of notice, the parties' joint motion to dismiss is denied.

Rule 23.1(c) provides that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." While the parties recognize that Rule 23.1 requires that the Court approve the proposed dismissal, their submissions seem to be predicated on a belief that the Court's role is merely to rubber stamp the dismissal. The motion itself and the accompanying declaration provide no substantive information regarding the proposed resolution of this case. *See* Dkt. Nos. 202, 203. They do not state whether the dismissal represents a settlement of the action—perforce, they do not present its terms for evaluation by the Court. The form of notice provided to the Court for approval is similarly pro forma—it informs investors of the fact that the action will be dismissed, but again

provides no information about why the case is being dismissed or how they can be heard with respect to concerns regarding the dismissal. Dkt. No. 203-1.

To the extent that the parties have resolved this case through a settlement, the parties are reminded that "[a] court should not engage in a mere 'rubber stamp approval' of the settlement . . . ." *In re AOL Time Warner S'holder Derivative Litig.*, No. 02-cv-6302 (SWK), 2006 WL 2572114, at *2 (S.D.N.Y. Sept. 6, 2006) (quoting *City of Detroit v.. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir.1974)). When considering whether to approve a settlement under Rule 23.1(c), "[t]he central question is whether the compromise is fair, reasonable and adequate." *In re Fab Universal Corp. S'holder Derivative Litig.*, 148 F. Supp. 3d 277, 280 (S.D.N.Y. 2015) (internal quotation marks and citations omitted); *see also* 7C Wright & Miller, Fed. Prac. & Proc. Civ. § 1839 (3d ed.) ("The generally accepted standard is that the agreement must be fair and adequate in light of the interests of all the parties . . . .").

To the extent that the parties seek to renew their application for Court approval of the dismissal of this action and the associated notice, the Court directs that they submit a comprehensive memorandum of law, and supporting affidavits containing sufficient information for the Court to evaluate the proposed resolution, and the adequacy of the proposed notice. Alternatively, to the extent that the parties believe that the Court can fulfill its obligations under Rule 23.1 in the absence of any information regarding the dismissal, or the adequacy of the proposed means of notice, as suggested by their initial motion, they are directed to provide substantive briefing to support that position.

The Clerk of Court is directed to terminate the motion pending at docket number 202.

SO ORDERED.

Dated: March 6, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge