| | |
|---|---|
| Robbins Geller Rudman & Dowd LLP | Mayer Brown LLP |
| 655 West Broadway, Suite 1900 | 1221 Avenue of the Americas |
| San Diego, CA  92101 | New York, NY 10020 |

June 5, 2020

VIA ECF

The Honorable Gregory H. Woods
U.S.D.C., Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

   Re: *Royal Park Invs. SA/NV v. The Bank of New York Mellon*, No. 14-cv-6502 (GHW)

Dear Judge Woods:

  Counsel for plaintiff Royal Park Investments SA/NV ("Royal Park") and defendant The Bank of New York Mellon ("BNY Mellon") jointly submit this letter in support of the parties' Renewed Joint Motion for Approval to Dismiss All Claims filed earlier today (the "Motion").

  In support of the Motion, the parties submitted a Proposed Order Approving (1) Dismissal of Plaintiff's Claims With Prejudice and (2) Notice of Dismissal to Current Holders (the "Proposed Order").  Pursuant to Your Honor's Individual Rules of Practices in Civil Cases, the parties must answer the following questions when a proposed order is filed: (1) the reason for the request that the Court enter the proposed order or stipulation; (2) the position of each of the parties with respect to the proposed order or stipulation; (3) the basis for the Court's legal authority to enter the proposed order or stipulation; and (4) any other information that the parties believe would provide context for the Court's evaluation of the request.  The answers to the above questions are as follows:

   **1. The reason for the request that the Court enter the proposed order or stipulation.**

  As further detailed in the parties' Motion, the Proposed Order was originally filed on March 6, 2020 in order to effectuate the parties' agreement to resolve this case.  This Court denied the parties' original Motion for Voluntary Dismissal and found that the parties had not provided the Court with sufficient information to evaluate the proposed dismissal and notice pursuant to Rule 23.1(c) (the "March 6 Order").  ECF No. 204 at 1.  The Court further directed the parties to submit a comprehensive memorandum of law and supporting affidavits containing sufficient information for the Court to evaluate the proposed resolution or, in the alternative, submit substantive briefing to support the position that the parties can fulfill their "obligations under Rule 23.1 in the absence of any information regarding the dismissal, or the adequacy of the proposed means of notice."  *Id.* at 2.  Pursuant to the Court's direction in the March 6 Order, the parties now jointly submit the Motion, which is accompanied by the Proposed Order.

2. **The position of each of the parties with respect to the proposed order or stipulation.**

Royal Park and BNY Mellon are in agreement that the Court should grant the Motion.

3. **The basis for the Court's legal authority to enter the proposed order or stipulation.**

As further detailed in the Motion, the parties respectfully submit that the Court has authority to enter the Proposed Order because the voluntary dismissal and proposed Notice to Holders (the "Notice") are fair and adequate. *See, e.g.*, *In re Pfizer Inc. S'holder Derivative Litig.,* 780 F. Supp. 2d 336, 340 (S.D.N.Y. 2011) ("'[t]he central question is whether the compromise is fair, reasonable and adequate'"); *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302(SWK), 2006 WL 2572114, at *2 (S.D.N.Y. Sept. 6, 2006) ("'[T]he Court must be satisfied that the compromise "fairly and adequately serves the interests of [the entity] on whose behalf the derivative action was instituted."'"). Royal Park's derivative claims have been rendered worthless by subsequent authority, and the proposed Notice comports with due process by describing the opportunity for any certificateholder to respond to the proposed dismissal before it is entered.

4. **Any other information that the parties believe would provide context for the Court's evaluation of the request.**

Royal Park and BNY Mellon respectfully refer the Court to the Motion for additional context for the Court's evaluation of the request.

Respectfully submitted,

| | |
|---|---|
| */s/ Arthur C. Leahy* | */s/ Matthew D. Ingber* |
| Arthur C. Leahy | MATTHEW D. INGBER |
| Robbins Geller Rudman & Dowd LLP | MAYER BROWN LLP |
| Lead Counsel for Plaintiff | Counsel for Defendant |

cc:   All Counsel (via ECF)